```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NEW YORK UNIVERSITY,

                    Plaintiff,
                                              MEMORANDUM AND ORDER
          - against -
                                              15 Civ. 8505 (NRB)
FACTORY MUTUAL INSURANCE COMPANY,

                    Defendant.
------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This action arose from an insurance coverage dispute between plaintiff New York University ("NYU") and its insurer, Factory Mutual Insurance Company ("FM"), in connection with losses sustained during and as a result of Superstorm Sandy.[1] On March 19, 2019, following nearly three and a half years of litigation and voluminous discovery, the Court issued a Memorandum and Order granting FM's motion for summary judgment and denying NYU's cross-motion for partial summary judgment, thereby terminating the case

---

[1] Policy No. LE650, the policy that was in effect when Superstorm Sandy struck New York City, insured NYU against physical loss or damage to certain real and personal property, associated time element losses, and also provided certain "Additional Coverages." The policy was subject to an overall coverage limit of $1.85 billion and other specified limits of liability and exclusions, including, of particular relevance to this lawsuit, limits of liability for damages attributable to "flood" at certain locations:

> USD250,000,000 in the aggregate during any policy year, but not to exceed a USD40,000,000 limit in the aggregate during any policy year for property located at the NYU Hospital Center and School of Medicine located at 550-580 First Avenue, 401 & 435 E 30th Street, 317 & 400 E. 34th Street and 3010 FD Roosevelt Drive, New York, NY in the aggregate during any policy year[.]

Policy No. LE650 at NYU033513 (hereinafter, the "flood sublimit").

1

in FM's favor. Presently before the Court is NYU's motion, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), to alter or amend the Court's Memorandum and Order and/or for relief from the Clerk's corresponding judgment.

Because NYU's motion fundamentally mischaracterizes both this litigation and the obligations of a district court in ruling on the summary judgment motions of counseled parties, see Jackson v. Fed. Express, 766 F.3d 189, 196 (2d Cir. 2014) (clarifying the obligations of a district court in granting summary judgment under Rule 56), NYU's motion is denied.

## I. Background[2]

NYU sued FM on October 29, 2015, asserting five claims for declaratory relief that sought to define the scope of flood coverage at the complex of buildings referred to throughout this litigation as the "superblock,"[3] and a sixth claim for breach of

---

[2] The Court assumes familiarity with the facts and procedural history of this case, which are set forth at length in the Court's Memorandum and Order denying NYU's motion for leave to amend, New York Univ. v. Factory Mut. Ins. Co., No. 15 Civ. 8505 (NRB), 2018 WL 1737745 (S.D.N.Y. Mar. 27, 2018), and its Memorandum and Order granting summary judgment for FM, New York Univ. v. Factory Mut. Ins. Co., 374 F. Supp. 3d 315 (S.D.N.Y. 2019).

[3] The "superblock" refers to the complex of buildings affiliated with the NYU Langone Medical Center located between First Avenue, 34th Street, FDR Drive, and 30th Street in Manhattan.

contract based on FM's allegedly wrongful denial of coverage.[4] In response, FM sought a declaration that the $40 million flood sublimit applied to all of the buildings located on the superblock or, in the alternative, reformation of the flood sublimit to the extent it could be read to apply to fewer than all of the buildings encompassed within the superblock.

After more than a year and a half of litigation, NYU filed a motion for leave to amend in order to assert four additional claims against FM, which motion the Court denied on the grounds that all "of the claims that NYU [sought] to add [were] untimely and . . . merit[less]," rendering amendment "futile." New York Univ., 2018 WL 1737745, at *18. The Court thereafter granted the parties' jointly filed request for leave to file cross-motions for summary judgment. See ECF No. 105. In the parties' subsequently filed motions, FM sought summary judgment on all six of NYU's claims as well as judgment on FM's counterclaim for declaratory relief. NYU, for its part, sought summary judgment on FM's counterclaims as

---

[4] As detailed in the Court's March 19 Memorandum and Order, NYU sought declarations that:

(1) the flood sublimit applies only to those buildings within the address range specified in the sublimit ("550-580 First Avenue, 401 & 435 E 30th Street, 317 & 400 E. 34th Street and 3010 [FDR] Drive, New York, NY"), rather than to all of the buildings located on the superblock; (2) the flood limit does not apply to time element losses; (3) the flood sublimit does not apply to time element losses; (4) the flood sublimit does not apply to additional coverages and time element coverage extensions; and (5) the coverage limits for flood damage do not apply to damage that would not have occurred but for faulty workmanship.

New York Univ., 374 F. Supp. 3d at 321.

well as judgment on all of its claims for declaratory relief. With respect to NYU's sixth cause of action (i.e., its breach of contract claim), NYU opposed FM's motion for summary judgment.[5] Following oral argument on the parties' cross-motions, the Court issued a Memorandum and Order denying NYU's motion and entering judgment for FM, whose motion sought judgment on "each of NYU's claims" and which expressly requested that the Court "enter judgment as a matter of law in its favor." ECF No. 138 at 10, 38.

NYU now moves to alter or amend the Court's ruling and/or for relief from judgment on the grounds that its lawsuit purportedly encompassed certain non-flood and non-superblock claims that were not addressed in the parties' summary judgment briefing. Because of these allegedly outstanding claims, NYU maintains that judgment should not have been entered for FM and that the case must be reopened to facilitate their resolution. In making this argument, however, NYU refuses to concede that it in fact abandoned any claims that remained outstanding by failing to identify them either in its opposition to FM's motion or at oral argument. More broadly, NYU's motion is fatally flawed because it misconceives the respective roles of the litigant and the Court.

---

[5] Based upon the framing of the parties' briefing as well as the parties' prior representations to the Court, see ECF No. 105 at 1 (stating in their jointly filed pre-motion letter that "[b]oth parties anticipate moving for summary judgment *on all claims and counterclaims*") (emphasis added), NYU's motion was styled as a motion for *partial* summary judgment because it sought judgment as to its breach of contract claim solely on the issue of liability.

## II. Legal Standard

"It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)). Rather, "[t]he standard for granting [motions for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Similarly, a movant seeking relief under Federal Rule of Civil Procedure 60(b), which authorizes a district court to relieve a party from a final judgment or order, must show "exceptional circumstances" entitling it to relief. Women's Integrated Network, Inc. v. U.S. Speciality Ins. Co., 495 F. App'x 129, 131 (2d Cir. 2012).

Indeed, because post-judgment motions under Rule 59(e) or 60(b) "may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment," 4 Pillar Dynasty LLC v. New York & Co., Inc., 933 F.3d 202, 216 (2d

Cir. 2019) (quoting Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008)), NYU's motion must be, and is, denied.

**III. Discussion**

NYU argues for the first time in its post-judgment motion that its complaint encompassed claims for FM's purportedly wrongful denial of coverage for non-superblock and non-flood damages. NYU argues, in particular, that the Court's dismissal of the entire case was inconsistent with the scope of NYU's complaint and FM's summary judgment motion, and that because NYU's claims for non-superblock and non-flood damages were not addressed either in the parties' summary judgment briefing or at oral argument, the case must be reopened to permit their resolution.[6] As noted

---

[6] The Court rejects NYU's characterization of its March 2019 Memorandum and Order as an improper *sua sponte* dismissal of the entire case, see ECF No. 161 at 14, given that the Court granted that which FM's summary judgment expressly sought -- i.e., dismissal of "each of NYU's claims," ECF No. 138 at 10. Moreover, the parties' jointly filed letter seeking leave to file their then-anticipated motions for summary judgment expressly stated, in relevant part, that "[b]oth parties anticipate moving for summary judgment *on all claims and counterclaims*." ECF No. 105 at 1 (emphasis added). Cf. Golden Years Homestead, Inc. v. Buckland, 557 F.3d 457, 462 (7th Cir. 2009) ("Under the circumstances here, the district court's entry of summary judgment on the state-law claims cannot be characterized as purely sua sponte. In their summary-judgment motion and memorandum in support, the inspectors specifically asked for dismissal of all the claims in the lawsuit.").
  For the avoidance of doubt, even if the Court's ruling could accurately be characterized as *sua sponte*, it would not have been improper. Given that FM unambiguously sought summary judgment on all of NYU's claims, NYU cannot credibly argue that it was not on notice that judgment could be entered against it. See Bridgeway Corp. v. Citibank, 201 F.3d 134, 139-40 (2d Cir. 2000) ("If the district court fails to give notice before *sua sponte* granting summary judgment and the moving party was, as a result, procedurally prejudiced, we must reverse. A party is procedurally prejudiced if it is surprised by the district court's action and that surprise results in the party's failure to present evidence in support of its position. If, however, the party . . . cannot claim to have been surprised by the district court's action . . . it cannot plausibly argue that it was prejudiced by the lack of notice.") (citations omitted).

6

previously, however, this argument fundamentally mischaracterizes this litigation, which, as presented to the Court, was only about coverage for losses resulting from "flood" at the superblock.

Even assuming, *arguendo*, that the purportedly outstanding claims were adequately pleaded in the operative complaint, the Court was entitled to infer that such claims had been abandoned in light of NYU's failure to raise them in opposition to FM's case dispositive summary judgment motion. Indeed, in the context of summary judgment rulings in cases involving counseled litigants, "a partial response [to a summary judgment motion] arguing that summary judgment should be denied as to some claims while not mentioning others *may be deemed an abandonment of the unmentioned claims*." Jackson, 766 F.3d at 195 (emphasis added). As the Second Circuit has explained:

> Pleadings often are designed to include all possible claims or defenses, and parties are always free to abandon some of them. Moreover, preparation of a response to a motion for summary judgment is a particularly appropriate time for a non-movant party to decide whether to pursue or abandon some claims or defenses. Indeed, Rule 56 is known as a highly useful method of narrowing the issues for trial.

Id. at 196. Unlike in cases involving *pro se* litigants, where "the district court should examine every claim or defense with a view to determining whether summary judgment is legally and factually appropriate . . . a court may . . . infer from a [counseled] party's partial opposition that relevant claims or

7

defenses that are not defended have been abandoned." Id. at 197-98.

Tellingly, the arguments that NYU advances in support of its position that FM's comprehensive motion for summary judgment should have been understood to encompass fewer than all of NYU's claims are predicated not on any sentence or paragraph in its summary judgment papers or on any reference to the oral argument transcript (i.e., matters actually presented to the Court). Rather, NYU relies principally on its complaint and certain discovery activities that were not before this Court for resolution. To suggest under these circumstances that NYU is entitled to relief from the Court's ruling is, at best, misplaced.

The Court notes, in any event, that NYU's five declaratory claims -- the crux of this proceeding -- sought to define provisions of the policy that related solely to the scope of flood coverage at the superblock and had nothing to do with NYU's non-flood or non-superblock claims. See supra at 3 n.4. It is convenient but wholly disingenuous for NYU to argue now that its previously unaddressed non-flood and non-superblock claims were encompassed in NYU's breach of contract cause of action, see ECF No. 173 at 7, when NYU's breach claim was by all appearances styled so as to be *dependent* on plaintiff's construction of the provisions

at issue in its declaratory claims.[7] To be sure, FM's motion for summary judgment adopted NYU's pleading framework, and it was implied in FM's motion and memorandum of law that if plaintiff's declaratory claims failed, its breach of contract claim failed, too. Cf. BKCAP, LLC v. CAPTEC Franchise Tr. 2000-1, 572 F.3d 353, 358 (7th Cir. 2009), as amended (Aug. 5, 2009) (finding that "in entering judgment against Borrowers on their declaratory judgment claim, the district court effectively disposed of Borrowers' breach of contract claim.").

The fact that FM sought summary judgment that "NYU's claim for extra-contractual damages based on bad faith must be dismissed as a matter of law," ECF No. 113 at 40, rather than dismissal of NYU's breach of contract claim generally, does not compel a different result, as FM's motion was styled so as to argue that even if the Court found for NYU on one of NYU's declaratory claims such that FM was liable for damages, the Court still should conclude that FM was not liable for consequential damages. In short, it is too clever by half for NYU to now argue that FM's summary judgment papers -- which in no uncertain terms sought summary judgment on "*each of NYU's claims*," ECF No. 138 at 10 (emphasis added) -- contained no indication that FM was seeking

---

[7] It was on this (heretofore unquestioned) basis that the Court explained in its March 2019 Memorandum and Order that "NYU's sixth cause of action -- for breach of contract -- alleges that FM wrongfully denied NYU coverage, *based on its construction of the aforementioned [flood] provisions of the Policy*." New York Univ., 374 F. Supp. 3d at 321 (emphasis added).

9

the disposition of NYU's entire breach of contract claim. See ECF No. 161 at 13.

NYU's final argument -- that its non-flood and non-superblock claims could not have been before the Court on summary judgment because discovery as to loss causation had been stayed, see ECF No. 173 at 10 -- is a red herring. That stay related to faulty workmanship and design and concerned whether faulty workmanship actually caused the flood damage, not whether the resulting damage was nonetheless "flood" damage subject to the policy's $40 million sublimit. As the Court explained, "even if faulty workmanship permitted flood waters to wreak havoc on NYU's facilities, the resulting losses fall within the Policy's definition of flood," New York Univ., 374 F. Supp. 3d at 327, and, accordingly, were subject to the $40 million sublimit.

### IV. Conclusion

For the foregoing reasons, NYU's post-judgment motion is denied. The Clerk of Court is respectfully directed to terminate the motion pending at docket number 160, and to close this case.

Dated:    New York, New York
          March 3, 2020

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

10